**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

**EDWARD JOHN PALMER III**
**3774 Railroad Avenue**
**Pittsville, Maryland 21850**

      *Plaintiff*,

  v.

**JOHN W. TIEDER, INC.**
**736 Woods Road**
**Cambridge, Maryland 21613**

        **Serve On :**
        **Resident Agent**
        **John W. Tieder**
        **736 Woods Road**
        **Cambridge, Maryland 21613**
**And**

**HEATHER MOORE**
**736 Woods Road**
**Cambridge, Maryland 21613**

      *Defendants*.

**Case No.:** _____

---

## **COMPLAINT**

Plaintiff, Edward John Palmer III ("Plaintiff"), by and through undersigned counsel, brings this lawsuit against John W. Tieder, Inc. ("JWT") and Heather Moore individually in her role as Plan Administrator, and states as follows:

## **JURISDICTION**

1.    The Court has jurisdiction over the subject matter of this action pursuant to § 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), and 28 U.S.C. §1331.

2.      Venue in this Court is proper under 29 U.S.C. §1132(e) because Plaintiff Edward J. Palmer III worked and earned benefits in Maryland, the breaches of duty, and all actions and inactions took place in Maryland. Further, Defendants are subject to the District of Maryland's jurisdiction as a Maryland registered corporation and are performing business inside the State.

3.      This Court has proper jurisdiction to hear supplemental claims that are so related to a case properly before the Court that the claims form part of the same case or controversy under Article III of the United States Constitution per 28 U.S.C. §1367(a). The state law claims are directly related to the facts and circumstances of the ERISA claim.

4.      As such, the diversity jurisdictional question raised is not based on the diversity of citizenship but rather the enforcement requirements of ERISA, the limitation in 28 U.S.C. §1367(b) would not preclude this Court from properly hearing supplemental claims.

## PARTIES

5.      Plaintiff is a resident of Pittsville, Maryland.

6.      JWT, is a corporation organized under the laws of the State of Maryland with its principal office in Cambridge, Maryland.

7.      Defendant Heather Moore is an employee of JWT, whose scope of employment involves the administration of and coordinating the disbursement of benefits and Plan funds. Furthermore, she is the Plan Administrator for the John W. Tieder, Inc., Profit Sharing Plan. Her principal place of employment is the Cambridge, Maryland address of Defendant JWT.

## FACTS

8.      Plaintiff was employed by JWT for approximately 18 years when his employment was terminated on May 3, 2019.

9.      At all times relevant, JWT sponsored, and continues to sponsor, a profit-sharing pension employee benefit plan for its employees named the John W. Tieder, Inc., Profit Sharing Plan (the "Plan").  JWT's plan year runs from July 1st through June 30th of the applicable year.

10.      Plaintiff was an employee of JWT, as defined under ERISA §3(6), 29 U.S.C. §1002(6) as JWT was the actual employer of Plaintiff.

11.      Plaintiff became a participant in the Plan in 2003. Following the language of the plan, Plaintiff became fully vested in the Plan during his employment with JWT.

12.      JWT is the plan sponsor of the Plan within the meaning of ERISA §3(16)(B), 29 U.S.C. §1002(16)(B), as the employer of an employee benefit plan established or maintained by a single employer. Furthermore, JWT is listed as the plan sponsor under the yearly report titled Form 5500 as filed with the United States Department of Labor per the requirements of ERISA §§104 and 4065. *See* Exhibit A.

13.      In its role as plan sponsor and plan administrator, JWT is a "fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) as JWT exercises some level of discretionary authority or discretionary control regarding the management and disposition of assets, as well as in the administration of the Plan.

14.       Heather Moore is an employee of JWT and the Plan Administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A) as designated under the terms of the instrument which the Plan operates and as indicated on the Form 5500. *See* Exhibit A.

15.      JWT contributed to the Plan for the benefit of Plaintiff and other employees during Plaintiff's employment.

16.      JWT made several representations to induce Plaintiff to participate in the Plan and accept employment with JWT.  Specifically, JWT, through its employees or authorized

3

representatives, made promises that they would disburse Plaintiff's share of the profits in accordance with the Plan.

17.     Under the terms of the Plan, Plaintiff was eligible to receive a distribution of his portion of the Plan after one (1) year and one (1) day of separation from his employment with JWT.

18.     As such, on May 4, 2020, Plaintiff was eligible to have his portion of the profit share distributed.

19.     Plaintiff is entitled to a disbursement of $25,105.59[1] from the Plan.

20.     Plaintiff sent a certified letter to JWT and Heather Moore as an employee and Plan Administrator requesting his disbursement from the Plan that he is entitled to under law and the contractual obligations of the Plan.

21.     JWT did not respond to this request nor disbursed any of the funds from the Plan to Plaintiff.

22.     Between May 2020 and September 2020, Plaintiff called JWT several times in an attempt to follow up on his written request and inquire as to the status of the disbursement, only to be routed to a secretary and instructed to leave a message.

23.     In September 2020, Plaintiff was successful in reaching and speaking with Heather Moore, the Plan Administrator.  Ms. Moore informed Plaintiff that the company who "had control over Plan funds" only released amounts during certain months, but that Plaintiff was within such a time period and would be notified when he can claim and receive a disbursement.

---

[1] As Plaintiff has not received any plan documents as requested, Plaintiff cannot confirm if this amount has changed.

24.     Since that telephone call, Plaintiff has not received any communications from JWT, the unnamed Plan company, or Heather Moore.

25.     On November 17, 2020, Plaintiff, through counsel, sent another request for payment and a demand for all Plan documents. *See* Exhibit B.

26.     Undersigned counsel made several calls to JWT.  Those calls were never returned.

27.     As of the date of this Complaint, Plaintiff has neither received documentation related to nor has JWT communicated regarding the Plan and related disbursement.

28.     Clearly, the actions of JWT indicate a willful refusal to pay Plaintiff and comply with lawful requests under ERISA.

<u>COUNT I</u>
**Seeking Equitable Relief Under ERISA § 502(A)(3)**

29.     Paragraphs 1 through 28 are incorporated as though fully set forth herein.

30.     Plaintiff was a "participant" in the Plan under ERISA §3(7), 29 U.S.C. §1002(7) as a former employee of the employer that is eligible to receive a benefit from an employee benefit plan.

31.     JWT is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) as Defendant was as the direct employer of Plaintiff.

32.     JWT is the sponsor of the Plan, a profit-sharing pension employee benefit plan as defined in ERISA §§ 3(2), (34), and (37(B), 29 U.S.C. §§ 1002(2), (35), and (37)(B) as the plan was established and by its express terms provides retirement income to employees or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

33.     Pursuant to ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), JWT is a fiduciary with respect to the Plan.

5

34.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring an action "to obtain other appropriate equitable relief (i) to redress violations of ERISA, or (ii) to enforce any provisions of this subchapter or the terms of the plan."

35.    JWT has not complied with ERISA by impermissibly refusing to pay benefits due under the Plan and as such, Plaintiff is statutorily allowed to enforce the payment of benefits as due under the Plan.

36.    Plaintiff is entitled to at least $25,105.59 in benefits under the Plan.

## COUNT II
### Seeking Penalties Under ERISA §502(A)
### For Failure to Respond to Request For Plan Documents

37.    Paragraphs 1 through 36 are restated and incorporated as though fully set forth herein.

38.    Under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), a plan administrator must, upon the written request of any participant or beneficiary, "furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

39.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring an action "to obtain other appropriate equitable relief (i) to redress violations of ERISA, or (ii) to enforce any provisions of this subchapter or the terms of the plan."

40.    Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a), a participant may seek appropriate equitable relief for a fiduciary's breach of its duties to report and disclose, as specified in ERISA §§ 101 through 111, 29 U.S.C. §§ 1021 through 1031.

41.     Under ERISA § 502(a)(1)(A) and (c)(1)(B), 29 U.S.C. § 1132(a)(1)(A) and (c)(1)(B), a participant or beneficiary may bring a civil action against a plan administrator for failing to respond to written requests for information.

42.     Heather Moore is listed as Plan Administrator as an employee of JWT, further Form 5500, attached as Exhibit A, lists Heather Moore as Plan Administrator.

43.     Further on Form 5500, JWT is listed as Plan Administrator. *See* Exhibit A.

44.     The plan administrator may be "liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal [to respond to a written request for information], and the court may in its discretion order such other relief as it deems proper." ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-l.

45.     Further, pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii), a plan administrator must, upon written request, provide "all documents, records, and other information relevant to the claimant's claim for benefits."

46.     On November 17, 2020, Plaintiff requested a copy of all pertinent documents and any documentation regarding the status of the Plan and Plaintiff as a beneficiary.

47.     Plaintiff is entitled by law to obtain the Plan documents.

48.     Plaintiff has not received this documentation despite his request.

49.     JWT and Heather Moore breached ERISA's reporting requirements and, consequently, their fiduciary duties by failing to furnish Plaintiff with plan documents, upon request, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

50.     Plaintiff is entitled to appropriate equitable relief for Defendants' breach of their duties under ERISA.

## COUNT III
### Seeking Equitable Relief Under State Common Law Fraud Claims

51.     Paragraphs 1 through 50 are restated and incorporated as though fully set forth herein.

52.     JWT, its authorized agents or employees made false representations to Plaintiff during and after his employment that he would receive his disbursement from the Plan one year and one day after termination of this employment.

53.     JWT knew when they made the representation that they never intended to follow through with their promises and perform under the agreement entered into by the parties.

54.     Plaintiff later learned of a former colleague who was forced to hire legal counsel to pursue his disbursement from the Plan.

55.     The misrepresentations were made for Defendants direct benefit. Specifically, Defendant does not have to pay the total $25,105.59.

56.     Plaintiff relied on this misrepresentation in agreeing to participate in the Plan. Plaintiff would not have done so if Plaintiff knew Defendants never intended to pay him the money contributed to the Plan.

57.     As a result of this intentional misrepresentation, the Plaintiff suffered damages.

58.     Defendants' misrepresentations were willful and made with the intent to defraud.

## COUNT IV
### Seeking Equitable Relief Under State Common Law Breach of Contract Claims

59.     Paragraphs 1 through 58 are restated and incorporated as though fully set forth herein.

60.     JWT contracted to pay the amounts contributed for Plaintiff to him one year and one day after his separation in a disbursement from the Plan.

61.     JWT breached that obligation by failing to pay Plaintiff his disbursement in accordance with the Plan.

62.     As a result of Defendants' breach, Plaintiff has suffered damages in the amount of at least $25,105.59.

**COUNT V**
**Seeking Equitable Relief Under State Common Law Unjust Enrichment Claims**

63.     Paragraphs 1 through 62 are restated and incorporated as though fully set forth herein.

64.     JWT knew and appreciated that it was receiving a substantial benefit in the amount of the undisbursed funds due to Plaintiff.

65.     JWT accepted and retained the benefit.

66.     The retention by Defendants of at least $25,105.95 due to Plaintiff makes it inequitable to retain the benefits without payment of its value.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

A.     Order Defendants to release Plan Documents that Plaintiff is legally entitled to;

B.     Award Plaintiff the maximum daily penalty of $110 per day pursuant to ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B) for failure to respond to document requests based on the first document request date of November 17, 2020;

C.     Order Defendant to pay prejudgment interest;

D.     Order Defendants to pay reasonable attorney's fees pursuant to 2 U.S.C. § 1132(g);

E.     Order Defendants to pay costs of suit incurred herein;

9

F.      Grant judgment against the Defendants, jointly and severally, and in favor of Plaintiff in the amount of $25,105.95; and

G.      Such other and further relief as this Court deems just and proper.

Dated:  February 17, 2021                    Respectfully submitted,


                              _____*/s/ Sean P. Hatley*_____
                              Matthew P. Kraeuter (Federal Bar No. 29252)
                              Sean P. Hatley (Federal Bar No. 20139)
                              FROST LAW
                              839 Bestgate Road, Suite 400
                              Annapolis, Maryland 21401
                              Phone:          (410) 497-5947
                              Facsimile:      (888) 235-8405
                              Email:          matt.kraeuter@askfrost.com
                              Email:          sean.hatley@askfrost.com

                              *Counsel for Plaintiff*
                              *Edward John Palmer, III*